Case No. 24-40792

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Texas Top Cop Shop, Inc., *et al.*,

*Plaintiffs-Appellees*

v.

Merrick Garland, Attorney General of the United States, *et al.*,

*Defendants-Appellants*.

---

On appeal from the United States District Court
for the Eastern District of Texas, Sherman Division
No. 4:24-CV-478, The Honorable Amos L. Mazzant, Judge Presiding

---

**UNOPPOSED MOTION BY *AMICUS CURIAE* EAGLE FORUM EDUCATION & LEGAL DEFENSE FUND FOR LEAVE TO FILE THE ACCOMPANYING BRIEF IN SUPPORT OF PLAINTIFFS-APPELLEES AND IN OPPOSITION TO DEFENDANTS-APPELLANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL**

Andrew L. Schlafly
Attorney at Law
939 Old Chester Rd.
Far Hills, NJ 07931
(908) 719-8608
(908) 934-9207 (fax)
aschlafly@aol.com

Counsel for *Amicus Curiae*

# CERTIFICATE OF INTERESTED PERSONS

The case number for this *amicus curiae* brief is No. 24-40792, *Texas Top Cop Shop v. Garland.*

*Amicus Curiae* Eagle Forum Education & Legal Defense Fund is a non-profit corporation which has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

Pursuant to the fourth sentence of Circuit Rule 28.2.1, the undersigned counsel of record certifies that the parties' and amici's list of persons and entities having an interest in the outcome of this case is complete, to the best of the undersigned counsel's knowledge, with the following additions:

*Amicus Curiae* Eagle Forum Education & Legal Defense Fund,

Andrew L. Schlafly, counsel for *Amicus Curiae*

These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Dated: December 16, 2024

/s/ Andrew L. Schlafly
Andrew L. Schlafly
*Counsel for Eagle Forum Education & Legal Defense Fund*

Within the spirit of FED. R. APP. PROC. 29, *Amicus* Eagle Forum Education & Legal Defense Fund requests leave to file its accompanying *amicus curiae* brief in support of Plaintiffs-Appellees Texas Top Cop Shop, Inc., *et al.*, and in opposition to the Defendants-Appellants' emergency motion for a stay of the injunction pending appeal. ***This motion is unopposed***; counsel for all the parties have stated that they do not oppose this motion.

I. **IDENTITIES AND INTERESTS OF *AMICUS CURIAE*.**[1]

*Amicus curiae* Eagle Forum Education & Legal Defense Fund ("Eagle Forum ELDF") is a non-profit corporation founded in 1981 by Phyllis Schlafly.

For more than two decades, Eagle Forum ELDF has filed many amicus briefs in U.S. Courts of Appeal and the U.S. Supreme Court, as well as in state courts, and has been cited in federal decisions. *See, e.g.*, *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 169 n.11 (3d Cir. 2005) ("As the Eagle Forum Education and Legal Defense Fund, as *amicus curiae* in support of Plaintiffs, explains ….").

Eagle Forum ELDF has long advocated against power grabs by the federal government at the expense of individual rights, and the sovereign authority of states. For example, Eagle Forum ELDF as represented by Phyllis Schlafly filed an

---

[1] Pursuant to FED. R. APP. P. 29(a)(4)(E), undersigned counsel certifies that: counsel for the *Amicus* authored this motion and brief in whole; no counsel for a party authored this motion and brief in any respect; and no person or entity – other than *Amicus*, its members, and its counsel – contributed monetarily to this brief's preparation or submission.

amicus brief in the landmark case of *United States v. Morrison*, 529 U.S. 598 (2000), successfully urging the U.S. Supreme Court to invalidate the civil remedy provision, Section 13981, of the Violence Against Women Act of 1994, § 40302, 108 Stat. 1941-1942, for being beyond congressional authority under the Commerce Clause and any other enumerated power.

Eagle Forum ELDF has a strong interest in opposing overreach by the federal government beyond the enumerated powers of Congress, in infringement on individual rights as presented in this case.

## II. AUTHORITY TO FILE THE *AMICUS CURIAE* BRIEF OF EAGLE FORUM ELDF.

As now-Justice Samuel Alito observed while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, *Federal Appeals – Jurisdiction and Practice* 181 (3d ed. 1999) and Robert L. Stern, *Appellate Practice in the United States* 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise for the statement that "'[e]ven when the other side refuses to consent to an *amicus* filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned.'" 293 F.3d

at 133.

This motion for leave to file an *amicus* brief is timely because it is filed (along with the accompanying brief) prior to the deadline of December 17 for the parties that this supports, Plaintiffs-Appellees.

### III. REASONS WHY THIS *AMICUS CURIAE* BRIEF IS DESIRABLE AND WHY THE MATTERS ASSERTED ARE RELEVANT TO THE DISPOSITION OF THIS CASE.

The accompanying *amicus curiae* brief by Eagle Forum ELDF will be beneficial to this Court's resolution of the issues raised for the following reasons, as more fully explained in the accompanying brief:

**A. The Only Irreparable Harm is to the American People If the Injunction Is Stayed; There Is No Irreparable Harm to the Government.**

The government concedes, or at least does not contest, the finding below that there is irreparable harm to those subject to the CTA due to its infringement on First and Fourth Amendment rights, if the injunction were not in place. This undisputed harm is enough to deny the government's motion to stay the injunction. Moreover, the government concedes (while trying to minimize) the financial burdens of trying to comply, which obviously cannot be recouped.

The government devotes only 3 pages of its motion (14-17) to this central issue of irreparable harm, and cites to only two outdated chambers' opinions (which of course have no precedential value) and an easily distinguished decision by the Fifth Circuit. Lacking precedential support, the government imaginatively

argues for novel assertions of irreparable harm that no court has ever embraced, nor would any. The government insists that it suffers irreparable harm in how the injunction supposedly "*severely* undermines our **credibility among other nations** and leadership in this area." (Govt Mot. 15, emphasis added) This argument by the government is even worse than insisting that a federal court comply with foreign law. Here, the federal government is asking this Court to stay an injunction based on how unidentified foreign nations might feel about the injunction. In addition to being absurdly speculative, this argument by the government should not be a consideration here anymore than it would be in the context of construing Second Amendment rights based on how other countries might feel about them.

As to FinCEN's alleged harm to itself in losing "momentum" due to the injunction (Gov't Mot. 16), in fact FinCEN's alleged outreach to inform the public has been minuscule: merely $4.3 million without any indication of any effectiveness in that spending. (Gov't Add A87 ¶ 14) This is paltry compared with an obligation that imposes many billions of dollars in new costs by FinCEN's own estimate. Even less impressive is how the government asserts that FinCEN has prepared 1.5 million postcards for mailing to businesses in merely 5 states, but it is two weeks from the filing deadline and apparently those postcards have not yet been mailed. *See id.* With the traditionally slow delivery during the holidays and the time needed for compliance, that is nowhere near the kind of notice that

Americans deserve for an obligation enforced by two years in federal prison. The only irreparable harm here is that inflicted by the CTA against the American people, who face a New Year's Eve dilemma of cancelling their holiday plans or face becoming a potential felon for failing to comply with the federal government's unconstitutional demands.

**B. The Government Is Likely to Lose on the Merits, Which Requires Denying Its Motion for a Stay.**

This Court can affirm a decision below on any basis: "we may affirm on any ground supported by the record." *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014) (cleaned up). The government is likely to lose on the merits on not just one but four independent constitutional grounds: (A) Enumerated Powers, (B) First Amendment, (C) Fourth Amendment, and (D) Fifth Amendment. Accordingly, the government's motion for a stay should be denied for this reason.

As explained with an example in greater detail in the accompanying brief, the Rule implementing the Corporate Transparency Act (CTA) goes beyond what Congress required, such that FinCEN is forcing millions of Americans to disclose their *home* addresses under the Rule. This highly personal disclosure is allowed but not required by the CTA itself. 31 C.F.R. § 1010.380(b)(1)(ii)(C); 31 U.S.C. § 5336(b)(2)(A)(iii). In the current political climate of swatting and even the assassination of private citizens, having to disclose one's home address is a

significant deterrent for controversial or outspoken Americans as a condition of engaging in law-abiding associative activities.

With that background, the CTA violates the First Amendment by chilling Americans' constitutional freedom of association. The CTA violates the Fourth Amendment by being the equivalent of demanding identification by someone in a public space without any reasonable suspicion of any wronging, which the U.S. Supreme Court has prohibited. The CTA violates the Fifth Amendment by imposing a draconian prison sentence of two years in prison based on requirements that are hopelessly ambiguous and vague. Each of these grounds is an independent basis for leaving the injunction granted below in place, which was based on Congress exceeding its enumerated powers under the Constitution.

### C. Government Already Has the Tools It Needs to Combat Money Laundering and the Financing of Terrorism.

The government notably omits from its emergency motion how it uses another regulatory scheme that already fully tracks financial transfers that might sometimes constitute money laundering or the financing of terrorism, and the CTA adds nothing to the monitoring of those crimes. The existing Customer Due Diligence (CDD) regulation requires those who process financial transactions to collect all the information that the federal government legitimately needs: "With respect to the information that the CDD and the CTA collect about entities, the

6

information *is generally the same, with minor variances*."[2]

The government itself delayed four years after the enactment of the CTA before its effective date for most Americans of Jan. 1, 2025, so the government cannot credibly argue for there to be an emergency over these end-of-year holidays for the well-reasoned injunction below to be stayed.

## CONCLUSION

The accompanying *amicus curiae* brief would aid this Court with respect to the foregoing points of argument. Accordingly, movant Eagle Forum ELDF respectfully requests leave to file its attached *amicus curiae* brief.

Respectfully submitted,

/s/ Andrew L. Schlafly

Andrew L. Schlafly
Attorney at Law
939 Old Chester Rd.
Far Hills, NJ 07931
Phone: (908) 719-8608
Fax: (908) 934-9207
Email: aschlafly@aol.com

Dated: December 16, 2024        *Counsel for Amicus Curiae Eagle Forum ELDF*

---

[2] Holland & Knight, https://tinyurl.com/yjdbnh2v (emphasis added, viewed Dec. 16, 2024).

# CERTIFICATE OF SERVICE

I hereby certify that, on December 16, 2024, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit by using the Appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                                 s/ Andrew Schlafly
                                                 Andrew L. Schlafly
                                                 *Counsel for Amicus Curiae Eagle Forum ELDF*

# CERTIFICATE OF COMPLIANCE

1. This motion has been prepared using 14-point, proportionately spaced, serif typeface, in Microsoft Word.

2. This motion complies with word-length requirements because it contains a total of 1,552 words, excluding material properly not to be counted.

Dated: December 16, 2024                   s/ Andrew L. Schlafly
                                                 Andrew L. Schlafly
                                                 *Counsel for Amicus Curiae Eagle Forum ELDF*