No. 24-40792

# United States Court of Appeals for the Fifth Circuit

TEXAS TOP COP SHOP, INCORPORATED; RUSSELL STRAAYER; MUSTARDSEED LIVESTOCK, L.L.C.; LIBERTARIAN PARTY OF MISSISSIPPI; NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INCORPORATED; DATA COMM FOR BUSINESS, INCORPORATED,

*Plaintiffs-Appellees*,

v.

MERRICK GARLAND, U.S. ATTORNEY GENERAL; TREASURY DEPARTMENT; DIRECTOR FINCEN ANDREA GACKI, DIRECTOR OF THE FINANCIAL CRIMES ENFORCEMENT NETWORK; FINANCIAL CRIMES ENFORCEMENT NETWORK; JANET YELLEN, SECRETARY, U.S. DEPARTMENT OF TREASURY,

*Defendants-Appellants*,

On Appeal from the United States District Court
for the Eastern District of Texas
No. 4:24-cv-478, Hon. Amos L. Mazzant

**UNOPPOSED MOTION BY PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC. FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF APPELLEES AND IN OPPOSITION TO APPELLANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL**

> Gene C. Schaerr
>   *Counsel of Record*
> Erik S. Jaffe
> Brian J. Field
> Aaron C. Ward
> SCHAERR | JAFFE LLP
> 1717 K Street NW, Suite 900
> Washington, DC 20006
> (202) 787-1060
> gschaerr@schaerr-jaffe.com
>
> *Counsel for Amicus Curiae*

DECEMBER 18, 2024

**SUPPLEMENTAL STATEMENT OF INTERESTED PERSONS**
No. 24-40792
*Texas Top Cop Shop, et al. v. Garland, et al.*

Pursuant to 5th Cir. R. 29.2, the undersigned counsel of record hereby certifies that, in addition to the persons and entities listed in the Appellants' and Appellees' Certificates of Interested Persons, the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

<u>Amicus Curiae</u>:
Project for Privacy and Surveillance Accountability, Inc.

<u>Counsel for *Amicus Curiae*</u>:
Gene C. Schaerr
Erik S. Jaffe
Brian J. Field
Aaron C. Ward
SCHAERR | JAFFE LLP

In accordance with Federal Rule of Appellate Procedure 26.1, *amicus curiae* Project for Privacy and Surveillance Accountability, Inc. states that it is not publicly traded and has no parent corporations. No publicly traded corporation owns 10% or more of *amicus*.

> */s/ Gene C. Schaerr*
> Gene C. Schaerr
> *Counsel for Amicus Curiae*

**UNOPPOSED MOTION FOR LEAVE TO FILE *AMICUS* BRIEF**

Pursuant to Federal Rule of Appellate Procedure 29(a) and Fifth Circuit Rule 29, *Amicus* Project for Privacy and Surveillance Accountability, Inc. (PPSA) moves the Court for leave to file the attached Brief *Amicus Curiae* in opposition to Defendant-Appellants' motion for stay pending appeal. The proposed Brief is attached to this Motion. In support of this Motion, PPSA states as follows:

1. Project for Privacy and Surveillance Accountability, Inc. (PPSA) is a nonprofit, nonpartisan organization dedicated to protecting privacy rights and guarding against an expansive surveillance state.

2. Motions for leave to file a brief as *amicus curiae* should be granted when the "criteria set out in Rule 29(b) are met," which simply requires "that the amici have a sufficient 'interest' in the case and that their brief is 'desirable' and discusses matters that are 'relevant to the disposition of the case,'" *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 129 (3d Cir. 2002) (Alito, J.); *accord Lefebure v. D'Aquilla,* 15 F.4th 670, 673 (5th Cir. 2021); 16AA Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3975 (5th ed. 2024 update).

3. PPSA has an interest in this case due to its implications for Fourth Amendment rights and privacy rights in general. *See Lefebure,* 15 F.4th at 673 ("the filing of amicus briefs is governed by Federal Rule of Appellate Procedure 29. And nothing in that rule requires amici to have a 'legally cognizable interest' in the matter. It only requires amici to state their 'interest' in the case").

4. And PPSA's brief is "relevant," as it discusses an additional or alternative ground for denying the motion for stay, and "desirable," as it addresses how recent surveillance-related precedent applies to this case.

5. Federal Rule of Appellate Procedure 29(a)(6) and Fifth Circuit Rule 29.1 require *amicus curiae* briefs be submitted "no later than 7 days after the principal brief of the party being supported is filed." Appellees filed their motion on December 11, 2024, and PPSA timely submits this Motion and Brief on December 18, 2024.

6. Defendants-Appellants have consented to the filing of this Brief.

7. No party's counsel authored this brief in whole or in part, no party or party's counsel contributed money that was intended to fund the preparation or submission of the brief, and no person other than *amicus*,

its members, or its counsel contributed money to fund the preparation or submission of the brief. Fed. R. App. P. 29(a)(4)(E).

For these reasons, *Amicus* respectfully requests that the Court grant this Motion for Leave to File a Brief *Amicus Curiae* and accept the attached Brief for filing.

December 18, 2024                    Respectfully submitted,

<u>/s/ Gene C. Schaerr</u>
Gene C. Schaerr
  *Counsel of Record*
Erik S. Jaffe
Brian J. Field
Aaron C. Ward
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
gschaerr@schaerr-jaffe.com

*Counsel for Amicus Curiae
Project for Privacy and
Surveillance Accountability, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and 5th Cir. R. 25.2.5, I hereby certify that on December 18, 2024, I filed the foregoing Brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF system; service on counsel for all parties was accomplished by service through the Court's electronic filing system.

*/s/ Gene C. Schaerr*
Gene C. Schaerr

## CERTIFICATE OF COMPLIANCE

This motion complies with the type volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 442 words, excluding the parts exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.2.

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft Office 365 in 14-point Century Schoolbook font.

December 18, 2024  */s/ Gene C. Schaerr*
Gene C. Schaerr