Nos. 24-40792

# In the United States Court of Appeals for the Fifth Circuit

TEXAS TOP COP SHOP, INC. ET AL.,

*Plaintiffs-Appellees*,

v.

MERRICK GARLAND, Attorney General of the United States, ET AL.,

*Defendants-Appellants.*

On Interlocutory Appeal from the United States District Court for the Eastern District of Texas No. 4:24-cv-478
Hon. Amos L. Mazzant

**MOTION OF COMPETITIVE ENTERPRISE INSTITUTE FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN OPPOSITION TO DEFENDANTS-APPELLANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL**

Devin Watkins
   *Counsel of record*
Dan Greenberg
COMPETITIVE ENTERPRISE INSTITUTE
1310 L Street NW, 7th Floor
Washington, DC 20005
(202) 331-1010
devin.watkins@cei.org

*Counsel for Amicus Curiae*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record for *amicus curiae* Competitive Enterprise Institute certifies that the following listed persons and entities have an interest in the outcome of this case:

**Plaintiffs-Appellees**

Texas Top Cop Shop, Inc.; Russell Straayer; Mustardseed Livestock, L.L.C.; Libertarian Party of Mississippi; National Federation of Independent Business, Inc.; Data Comm for Business, Incorporated

**Counsel for Plaintiffs-Appellees**

Caleb Kruckenberg; Center for Individual Rights; John Clay Sullivan; SL Law, P.L.L.C.; Andrew M. Grossman; Baker & Hostetler LLP

**Defendants-Appellants**

Merrick Garland, U.S. Attorney General; U.S. Treasury Department; Andrea Gacki, Director of the Financial Crimes Enforcement Network; FinCEN; Janet Yellen, Secretary of the U.S. Department of Treasury

**U.S. Department of Justice Counsel for Defendants-Appellants**

Daniel Tenny; Steven H. Hazel; Faith E. Lowry; Sophia Shams; Brian M. Boynton; Damien Diggs

**Amicus Curiae**

Eagle Forum Education & Legal Defense Fund; Americans for Prosperity Foundation; Competitive Enterprise Institute

**Counsel for Amicus Curiae**

Andrew L. Schlafly; Michael Pepson; Devin Watkins; Dan Greenberg

Undersigned counsel further certifies that *amicus curiae* Competitive Enterprise Institute is a non-profit corporation that does not have a parent corporation and that no publicly held corporation holds 10 percent or more of its stock.

These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

*/s/ Devin Watkins*
Devin Watkins

Proposed *amicus curiae* Competitive Enterprise Institute respectfully requests leave to file the accompanying *amicus curiae* brief in opposition to Defendants-Appellants' Emergency Motion for Stay Pending Appeal. There is no rule in the Federal Rules of Appellate Procedure that concerns *amicus* briefs at the motions stage, but the closest analog is FRCP 29.

The motion is based on the following grounds:

1. Plaintiffs-Appellees have consented to this brief. Proposed *amicus* were unable to file by December 18, 2024, due to other filing deadlines, and so before beginning drafting an amicus brief, proposed *amicus* requested consent from Defendants-Appellants to file this brief by December 20, 2024. In the request for consent to Defendants-Appellants, proposed *amicus* specifically noted that the date requested to file would be after their briefing was due. Defendants-Appellants gave consent to file this brief by December 20, 2024. Proposed *amicus* relied upon that consent to begin the work of drafting this amicus brief. Surprisingly, on December 18, 2024, Defendants-Appellants withdrew their consent and notified *amicus* that they would oppose this motion for leave to file an amicus brief. *Amicus* believes that Defendants-Appellants should be equitably estopped from withdrawing their consent after proposed *amicus* detrimentally relied upon it. Proposed *amicus* is filing this brief the day after they were notified that the consent of Defendants-Appellants was withdrawn.

4

2. The Competitive Enterprise Institute is a nonprofit organization headquartered in Washington, D.C., dedicated to promoting the principles of free markets and limited government. Since its founding in 1984, the institute has focused on raising public understanding of the problems of overregulation. It has done so through policy analysis, commentary, and litigation.

3. The Corporate Transparency Act (CTA) concerns proposed *amicus* because of the substantial negative impact it could have on small businesses throughout the country. It also flouts the limits of federal power and deprives states of decision-making powers pertaining to the privacy of their local businesses.

4. The brief of proposed *amicus* will make the following arguments. First, the CTA significantly undermines corporate anonymity by compelling disclosures that can expose individuals and entities to harassment and intimidation. The Supreme Court has recognized that such compelled disclosure causes irreparable harm, because courts will be unable to unring the bell of compelled disclosure. Second, the CTA exceeds Congress's constitutional authority, violating the established principles that regulate the use of the Commerce Clause. The government's broad interpretation of economic activity is contrary to *Gonzales v. Raich* (2005). The harms the government asserts are based on predicted future behavior, which is an approach that the Supreme Court rejected in *NFIB v. Sebelius* (2012). The risk of substantial harm

5

and the lack of any plausible argument for the Act's constitutionality both justify affirming the district court's preliminary injunction.

5. Proposed *amicus* respectfully submit that this Court would benefit from briefing on these issues.

For these reasons, *amicus* respectfully requests that this Court grant *amicus* leave to file the attached brief in support of Plaintiffs-Appellees.

Dated: December 19, 2024          Respectfully submitted.

*/s/ Devin Watkins*
Devin Watkins
Dan Greenberg
COMPETITIVE ENTERPRISE INSTITUTE
1310 L St. NW, 7th Floor
Washington, D.C. 20005
(202) 331-1010
Devin.Watkins@cei.org
Dan.Greenberg@cei.org

*Counsel for Amicus Curiae*