Case No. 24-40792

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

TEXAS TOP COP SHOP, INC., *ET AL.*,

*Plaintiffs-Appellees*

v.

MERRICK GARLAND, ATTORNEY GENERAL OF THE UNITED STATES, *ET AL.*,

*Defendants-Appellants*.

---

On Interlocutory Appeal from the United States District Court
for the Eastern District of Texas, Sherman Division
No. 4:24-CV-478, The Honorable Amos L. Mazzant, Judge Presiding

---

**UNOPPOSED MOTION BY *AMICUS CURIAE* EAGLE FORUM EDUCATION & LEGAL DEFENSE FUND FOR LEAVE TO FILE THE ACCOMPANYING BRIEF IN SUPPORT OF PLAINTIFFS-APPELLEES AND IN SUPPORT OF THEIR EMERGENCY PETITION FOR REHEARING EN BANC AND EMERGENCY MOTION TO EXPEDITE RULING**

Andrew L. Schlafly
Attorney at Law
939 Old Chester Rd.
Far Hills, NJ 07931
(908) 719-8608
(908) 934-9207 (fax)
aschlafly@aol.com

Counsel for *Amicus Curiae*

# CERTIFICATE OF INTERESTED PERSONS

The case number for this *amicus curiae* brief is No. 24-40792, *Texas Top Cop Shop v. Garland*.

*Amicus Curiae* Eagle Forum Education & Legal Defense Fund is a non-profit corporation which has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

Pursuant to the fourth sentence of Circuit Rule 28.2.1, the undersigned counsel of record certifies that the parties' and *amici*'s list of persons and entities having an interest in the outcome of this case is complete, to the best of the undersigned counsel's knowledge.

These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Dated:  December 26, 2024

/s/ Andrew L. Schlafly
Andrew L. Schlafly
*Counsel for Eagle Forum Education & Legal Defense Fund*

Pursuant to FED. R. APP. PROC. 29, *Amicus* Eagle Forum Education & Legal Defense Fund requests leave to file its accompanying *amicus curiae* brief in support of Plaintiffs-Appellees Texas Top Cop Shop, Inc., *et al.*, and in support of their emergency petition for rehearing en banc and emergency motion to expedite ruling. Counsel for all the parties have stated they do not oppose this motion.

I. **IDENTITIES AND INTERESTS OF *AMICUS CURIAE*.**[1]

*Amicus curiae* Eagle Forum Education & Legal Defense Fund ("Eagle Forum ELDF") is a non-profit corporation founded in 1981 by Phyllis Schlafly.

For more than two decades, Eagle Forum ELDF has filed many amicus briefs in U.S. Courts of Appeals and the U.S. Supreme Court, as well as in state courts, and has been cited in federal decisions. *See, e.g.*, *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 169 n.11 (3d Cir. 2005) ("As the Eagle Forum Education and Legal Defense Fund, as *amicus curiae* in support of Plaintiffs, explains ….").

Eagle Forum ELDF has long advocated against power grabs by the federal government at the expense of individual rights and the sovereign authority of states. For example, Eagle Forum ELDF as represented by Phyllis Schlafly filed an amicus brief in the landmark case of *United States v. Morrison*, 529 U.S. 598

---

[1] Pursuant to FED. R. APP. P. 29(a)(4)(E), undersigned counsel certifies that: counsel for the *Amicus* authored this motion and brief in whole; no counsel for a party authored this motion and brief in any respect; and no person or entity – other than *Amicus*, its members, and its counsel – contributed monetarily to this brief's preparation or submission.

(2000), successfully urging the U.S. Supreme Court to invalidate the civil remedy provision, Section 13981, of the Violence Against Women Act of 1994, § 40302, 108 Stat. 1941-1942, for being beyond congressional authority under the Commerce Clause and any other enumerated power.

Eagle Forum ELDF has a strong interest in opposing overreach by the federal government beyond the enumerated powers of Congress, in infringement on individual rights as presented in this case.

II. **AUTHORITY TO FILE THE *AMICUS CURIAE* BRIEF OF EAGLE FORUM ELDF.**

As now-Justice Samuel Alito observed while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, *Federal Appeals – Jurisdiction and Practice* 181 (3d ed. 1999) and Robert L. Stern, *Appellate Practice in the United States* 306, 307-08 (2d ed. 1989)).

This motion for leave to file an *amicus* brief is timely because it is filed (along with the accompanying brief) well prior to the deadline of December 31 for the government to respond.

## III. REASONS WHY THIS *AMICUS CURIAE* BRIEF IS DESIRABLE AND WHY THE MATTERS ASSERTED ARE RELEVANT TO THE DISPOSITION OF THIS CASE.

The accompanying *amicus curiae* brief by Eagle Forum ELDF will be beneficial to this Court's resolution of the issues raised for the following reasons, as more fully explained in the accompanying brief:

### A. The CTA Infringes on First Amendment Associative Rights, for which a Broad Nationwide Injunction Is Appropriate, and There Is No Presumption of Irreparable Harm to the Government.

The First Amendment freedom of association requires protecting the rights of others to associate with a plaintiff who asserts this right. A plaintiff cannot exercise his freedom to associate without others having the freedom to associate with him. Ruling in favor of merely a plaintiff's right to associate would be like ruling in favor an audience's right to applause as long as they use only one of their hands to do so.

The district court properly enjoined the CTA to preserve the status quo during this litigation. The injunction below is expressly based on its finding of irreparable harm to First and Fourth Amendment rights:

> Absent injunctive relief, come January 2, 2025, Plaintiffs would have disclosed the information they seek to keep private under the First and Fourth Amendments …. Independent of the specter of compliance costs on the horizon, Plaintiffs have met their burden to show the threat of irreparable harm because the CTA and Reporting Rule substantially threaten their constitutional rights.

(Pet. Attachment C, 31-32). The district court cited this Court's First Amendment precedent in *Book People, Inc. v. Wong*, 91 F.4th 318, 340 (5th Cir. 2024). The

3

government never contested this holding or distinguished this precedent, and thus the government waived this central, dispositive point. The panel decision mistakenly ignored this, and thus should be vacated.

### B. Fourth Amendment Precedent Prohibits Sweeping Law Enforcement Demands for Identification for the Exercise of First Amendment Rights, which Is What CTA Requires.

The CTA unjustifiably treats every American involved in local associations like a criminal suspect by requiring disclosure of highly personal information for the purpose of law enforcement, without any reasonable basis or a warrant. The FinCEN regulation, the "Beneficial Ownership Information Reporting Requirements," 87 Fed. Reg. 59498 (Sept. 30, 2022) (codified at 31 C.F.R. pt. 1010), goes even further than the CTA requires, by compelling disclosure of ***home*** addresses to FinCEN. *Compare* 31 C.F.R. § 1010.380(b)(1)(ii)(C) *with* 31 U.S.C. § 5336(b)(2)(A)(iii).

The U.S. Supreme Court held in *Brown v. Texas* against allowing a generalized demand for identification, which is conceptually identical to the FinCEN requirement. 443 U.S. 47, 52 (1979) (a case arising from Texas). This *Brown* decision has been repeatedly applied by this Circuit to protect against Fourth Amendment infringements. *See, e.g.*, *United States v. Alvarez*, 40 F.4th 339, 343 (5th Cir. 2022).

The CTA requires what *Brown* prohibits: a demand for personal identification, for federal law enforcement purposes, of Americans who have done nothing wrong. The CTA is not narrowly tailored while infringing on the Fourth Amendment right.

**C. No Judicial Deference Is Due to Boilerplate, Conclusory Assertions of Federal Goals like Stopping Terrorism, and Aspirations about Foreign Law Do Not Justify Expansions in Federal Power.**

Virtually all foreign countries have a federal police power, while the U.S. Supreme Court has rejected the assertion of such a power domestically. *United States v. Lopez*, 514 U.S. 549, 564 (1995) (rejecting a "general federal police power"). In the context of this case it is particularly inappropriate to rely on aspirations about foreign law to justify an expansion in federal law enforcement.

Yet the government here relies on boilerplate, conclusory assertions about money laundering and terrorism that would not survive a motion to dismiss under the standard of review for allegations in a complaint. "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (inner quotations omitted). When the congressional justifications for a vast increase in federal power are no more substantive than what could have been written by Capitol Hill summer intern or generated by an AI program, then judicial deference is unwarranted to the superficial statements. Yet the motions panel decision is based on conclusory, even

5

implausible, assertions about how foreign nations may feel if the district court injunction remains intact. (Panel Op. 6-7)

The federal government has long had the tools it needs to track financial transfers that might constitute money laundering or the financing of terrorism, and the CTA adds nothing to advance these pretextual goals. *See* Customer Due Diligence (CDD) regulation, 81 Fed. Reg. 29398 (May 11, 2016).

### D. The CTA Has the Effect of a Gun Control Statute, by Imposing a Possible Two-Year Prison Sentence, which Triggers One of the Most Commonly Enforced Gun Control Statutes, 18 U.S.C. § 922(g)(1).

The federal government seeks to disarm Americans, and one of its most frequently used statutes for prosecutions is 18 U.S.C. § 922(g)(1), which makes it illegal with very harsh penalties for anyone to own possess a gun "who has been convicted in any court of, a crime ***punishable*** by imprisonment for a term exceeding one year" (emphasis added). The CTA is punishable by two years' incarceration, and thereby chills the exercise of constitutional associative rights.

## CONCLUSION

The accompanying *amicus curiae* brief would aid this Court with respect to the foregoing points of argument. Accordingly, movant Eagle Forum ELDF respectfully requests leave to file its attached *amicus curiae* brief.

Respectfully submitted,

/s/ Andrew L. Schlafly

Andrew L. Schlafly
Attorney at Law
939 Old Chester Rd.
Far Hills, NJ 07931
Phone: (908) 719-8608
Fax: (908) 934-9207
Email: aschlafly@aol.com

Dated: December 26, 2024                 *Counsel for Amicus Curiae Eagle Forum Education & Legal Defense Fund*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 26, 2024, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit by using the Appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

<u>s/ Andrew L. Schlafly</u>
Andrew L. Schlafly
*Counsel for Amicus Curiae Eagle Forum Education & Legal Defense Fund*

## CERTIFICATE OF COMPLIANCE

1. This motion has been prepared using 14-point, proportionately spaced, serif typeface, in Microsoft Word.

2. This motion complies with word-length requirements because it contains a total of 1,417 words, excluding material properly not to be counted.

Dated: December 26, 2024                 <u>s/ Andrew L. Schlafly</u>
Andrew L. Schlafly
*Counsel for Amicus Curiae Eagle Forum Education & Legal Defense Fund*