# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

TEXAS TOP COP SHOP, INCORPORATED; RUSSELL STRAAYER;
MUSTARDSEED LIVESTOCK, L.L.C.; LIBERTARIAN PARTY OF
MISSISSIPPI;  NATIONAL FEDERATION OF INDEPENDENT BUSINESS,
INC.;  DATA COMM FOR BUSINESS, INCORPORATED,

Plaintiffs-Appellees,

v.

PAMELA BONDI, *U.S. Attorney General*; TREASURY DEPARTMENT;
DIRECTOR FINCEN ANDREA GACKI, *Director of the Financial Crimes Enforcement
Network*; FINANCIAL CRIMES ENFORCEMENT NETWORK;
SCOTT BESSENT, *Secretary, U.S. Department of Treasury*,

Defendants-Appellants.

On Appeal from the United States District Court
for the Eastern District of Texas

## RECORD EXCERPTS

ERIC D. McARTHUR
  *Deputy Assistant Attorney General*

ABE McGLOTHIN, JR.
  *Acting United States Attorney*

DANIEL TENNY
MAXWELL A. BALDI
SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7513*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 532-0211*

# TABLE OF CONTENTS

Tab 1.    Docket Sheet - 4:24-CV-478 ............................................................... ROA.1-9

Tab 2.    Notice of Appeal............................................................. ROA.445-446

Tab 3.    Amended Notice of Appeal ........................................... ROA.527-528

Tab 4.    Order ................................................................................ ROA.551-553

Tab 5.    Memorandum Opinion .................................................. ROA.574-582

**TAB 1**

Jump to Docket Table

# U.S. District Court
# Eastern District of TEXAS [LIVE] (Sherman)
# CIVIL DOCKET FOR CASE #: 4:24-cv-00478-ALM

Texas Top Cop Shop, Inc., et al v. Garland et al

Assigned to: District Judge Amos L. Mazzant, III

Demand: $0

 Case in other court:  5CA, 24-40792

Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 05/28/2024

Jury Demand: None

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Texas Top Cop Shop, Inc.**                     represented by   **Caleb Kruckenberg**
Center for Individual Rights
1100 Connecticut Ave NW
Suite 625
Washington, DC 20036
202-833-8401
Email: kruckenberg@cir-usa.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christian Clase**
The Center for Individual Rights
1100 Connecticut Ave NW
Ste 625
Washington, DC 20036
765-543-6606
Email: clase@cir-usa.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Clay Sullivan**
SL Law PLLC
610 Uptown Boulevard
Suite 2000
Cedar Hill, TX 75104
469-523-1351
Fax: 469-613-0891
Email: john.sullivan@the-sl-lawfirm.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Russell Straayer**                     represented by   **Caleb Kruckenberg**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christian Clase**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Clay Sullivan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mustardseed Livestock, LLC**          represented by   **Caleb Kruckenberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christian Clase**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Clay Sullivan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Libertarian Party of Mississippi**          represented by   **Caleb Kruckenberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christian Clase**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Clay Sullivan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**National Federation Of Independent Business, Inc.**          represented by   **Caleb Kruckenberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christian Clase**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Clay Sullivan**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Data Comm For Business, Inc.**  represented by  **Caleb Kruckenberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christian Clase**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Clay Sullivan**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

**Attorney General Merrick Garland**  represented by  **Faith Lowry**
*Attorney General of the United States*  DOJ-Civ
Federal Programs Branch
1100 L Street
Washington, DC 20005
202-305-2532
Email: faith.e.lowry@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Stuart Robinson**
DOJ-Civ
Federal Programs Branch
450 Golden Gate Ave.
Suite 7-5395
San Francisco, CA 94102
415-436-6635
Email: stuart.j.robinson@usdoj.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**US Department of the Treasury**  represented by  **Faith Lowry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart Robinson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Director FinCEN Andrea Gacki**          represented by   **Faith Lowry**
*Director of the Financial Crimes*                        (See above for address)
*Enforcement Network*                                     *ATTORNEY TO BE NOTICED*

                                                          **Stuart Robinson**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Financial Crimes Enforcement Network**   represented by   **Faith Lowry**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Stuart Robinson**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Janet L. Yellen**                       represented by   **Faith Lowry**
*Secretary of the Treasury*                               (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Stuart Robinson**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**State of Texas, The**                   represented by   **Christina Cella**
                                                          Office of the Texas Attorney General
                                                          300 W. 15th Street
                                                          6th Floor
                                                          Austin, TX 78701
                                                          512-475-2952
                                                          Email: christina.cella@oag.texas.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/28/2024 | 1 (p.10) | |

24-40792.4

| | | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number ATXEDC-10160534.), filed by Top Cop Shop. (Attachments: # 1 (p.10) Exhibit A)(Sullivan, John) (Entered: 05/28/2024) |
|---|---|---|
| 05/28/2024 | 2 (p.50) | Additional Attachments to Main Document: 1 (p.10) Complaint. *Civil Cover Sheet*. (Sullivan, John) (Entered: 05/28/2024) |
| 05/28/2024 | 3 (p.52) | AMENDED CIVIL COVER SHEET by Data Comm for Business, Mustardseed Livestock, Russell Straayer, Libertarian Party of Mississippi, Top Cop Shop, NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INC.. Amendment to 2 (p.50) Additional Attachments to Main Document *Civil Cover Sheet*, filed by Data Comm for Business, Mustardseed Livestock, Russell Straayer, Libertarian Party of Mississippi, Top Cop Shop, NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INC.. Related document(s): 2 (p.50) Additional Attachments to Main Document.(Sullivan, John) (Entered: 05/28/2024) |
| 05/29/2024 | | Case ASSIGNED to District Judge Amos L. Mazzant, III. (baf) (Entered: 05/29/2024) |
| 05/29/2024 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge*. (baf) (Entered: 05/29/2024) |
| 05/31/2024 | 4 (p.54) | NOTICE of Attorney Appearance - Pro Hac Vice by Caleb Kruckenberg on behalf of All Plaintiffs. Filing fee $ 100, receipt number BTXEDC-10165724. (Kruckenberg, Caleb) (Entered: 05/31/2024) |
| 06/03/2024 | 5 (p.56) | UNOPPOSED MOTION for Leave to File *Oversized Motion* by Data Comm For Business, Inc., Libertarian Party of Mississippi, Mustardseed Livestock, LLC, National Federation Of Independent Business, Inc., Russell Straayer, Texas Top Cop Shop, Inc.. (Attachments: # 1 (p.10) Proposed Order, # 2 (p.50) Exhibit Proposed Oversized Motion)(Kruckenberg, Caleb) (Entered: 06/03/2024) |
| 06/03/2024 | 6 (p.125) | MOTION for Preliminary Injunction by Data Comm For Business, Inc., Libertarian Party of Mississippi, Mustardseed Livestock, LLC, National Federation Of Independent Business, Inc., Russell Straayer, Texas Top Cop Shop, Inc.. (Attachments: # 1 (p.10) Proposed Order, # 2 (p.50) Exhibit Schneider Declaration, # 3 (p.52) Exhibit Data Comm Declaration, # 4 (p.54) Exhibit Straayer Declaration, # 5 (p.56) Exhibit Goulart Declaration, # 6 (p.125) Exhibit Lewis Declaration, # 7 (p.191) Exhibit Milito Declaration)(Kruckenberg, Caleb) (Entered: 06/03/2024) |
| 06/07/2024 | 7 (p.191) | NOTICE of Attorney Appearance by Faith Lowry on behalf of All Defendants (Lowry, Faith) (Entered: 06/07/2024) |
| 06/07/2024 | 8 (p.193) | JOINT MOTION Enter Briefing Schedule and Related Order by Financial Crimes Enforcement Network, Andrea Gacki, Merrick Garland, US Department of the Treasury, Janet L. Yellen. (Attachments: # 1 (p.10) Proposed Order)(Lowry, Faith) (Entered: 06/07/2024) |
| 06/07/2024 | 9 (p.198) | Summons Issued as to Merrick Garland, U.S. Attorney and U.S. Attorney General (Attachments: # 1 (p.10) Damien Diggs, United States Attorney for the Eastern District of Texas, # 2 (p.50) The United Stateds of America/U.S. Department of Justice)(baf) (Entered: 06/07/2024) |

| 06/07/2024 | 10 (p.204) | Summons Issued as to Andrea Gacki. (baf) (Entered: 06/07/2024) |
|---|---|---|
| 06/07/2024 | 11 (p.206) | SUMMONS Issued as to Financial Crimes Enforcement Network. (baf) (Entered: 06/07/2024) |
| 06/07/2024 | 12 (p.208) | Summons Issued as to Janet L. Yellen. (baf) (Entered: 06/07/2024) |
| 06/07/2024 | 13 (p.210) | Summons Issued as to US Department of the Treasury. (baf) (Entered: 06/07/2024) |
| 06/07/2024 | 14 (p.212) | NOTICE of Attorney Appearance - Pro Hac Vice by Stuart Robinson on behalf of All Defendants. (NKL) (Entered: 06/07/2024) |
| 06/12/2024 | 15 (p.214) | SUMMONS Returned Executed by Data Comm For Business, Inc., Mustardseed Livestock, LLC, Russell Straayer, Libertarian Party of Mississippi, Texas Top Cop Shop, Inc., National Federation Of Independent Business, Inc.. All Defendants. (Kruckenberg, Caleb) (Entered: 06/12/2024) |
| 06/20/2024 | 16 (p.221) | ORDER granting 5 (p.56) Motion for Leave to File Oversized Motion. Signed by District Judge Amos L. Mazzant, III on 6/20/2024. (baf) (Entered: 06/20/2024) |
| 06/21/2024 | 17 (p.222) | ORDER granting 8 (p.193) Motion to Enter a Briefing Schedule and Order on Related Deadlines. Signed by District Judge Amos L. Mazzant, III on 6/21/2024. (baf) (Entered: 06/21/2024) |
| 06/26/2024 | 18 (p.223) | RESPONSE in Opposition re 6 (p.125) MOTION for Preliminary Injunction *filed by Financial Crimes Enforcement Network, Andrea Gacki, Merrick Garland*. (Lowry, Faith) (Entered: 06/26/2024) |
| 07/03/2024 | 19 (p.264) | REPLY to Response to Motion re 6 (p.125) MOTION for Preliminary Injunction *filed by Data Comm For Business, Inc., Libertarian Party of Mississippi, Mustardseed Livestock, LLC, National Federation Of Independent Business, Inc., Russell Straayer, Texas Top Cop Shop, Inc..* (Kruckenberg, Caleb) (Entered: 07/03/2024) |
| 09/18/2024 | 20 (p.277) | ORDER SETTING HEARING ON MOTION 6 (p.125) MOTION for Preliminary Injunction : Motion Hearing set for 10/9/2024 at 9:00 AM in Ctrm 208 (Sherman) before District Judge Amos L. Mazzant III. Signed by District Judge Amos L. Mazzant, III on 9/18/2024. (baf) (Entered: 09/18/2024) |
| 09/24/2024 | 21 (p.278) | CONSENT MOTION for Leave to File *Notice of Supplemental Authority* by Financial Crimes Enforcement Network, Andrea Gacki, Merrick Garland, US Department of the Treasury, Janet L. Yellen. (Attachments: # 1 (p.10) Proposed Order)(Lowry, Faith) (Entered: 09/24/2024) |
| 09/24/2024 | 22 (p.282) | NOTICE *of Supplemental Authority* by Financial Crimes Enforcement Network, Andrea Gacki, Merrick Garland, US Department of the Treasury, Janet L. Yellen re 21 (p.278) CONSENT MOTION for Leave to File *Notice of Supplemental Authority* (Attachments: # 1 (p.10) Exhibit A)(Lowry, Faith) (Entered: 09/24/2024) |
| 10/01/2024 | 23 (p.311) | ORDER granting 21 (p.278) Motion for Leave to File Notice of Supplemental Authority. Signed by District Judge Amos L. Mazzant, III on 10/1/2024. (baf) (Entered: 10/01/2024) |
| 10/02/2024 | 24 (p.312) | JOINT STIPULATION re 20 (p.277) Order Setting Hearing on Motion, by Data Comm For Business, Inc., Libertarian Party of Mississippi, Mustardseed Livestock, |

| | | LLC, National Federation Of Independent Business, Inc., Russell Straayer, Texas Top Cop Shop, Inc.. (Kruckenberg, Caleb) (Entered: 10/02/2024) |
|---|---|---|
| 10/07/2024 | 25 (p.315) | NOTICE of Attorney Appearance - Pro Hac Vice by Christian Clase on behalf of All Plaintiffs. Filing fee $ 100, receipt number ATXEDC-10404301. (Clase, Christian) (Entered: 10/07/2024) |
| 10/09/2024 | | Minute Entry for proceedings held before District Judge Amos L. Mazzant, III: Motion Hearing held on 10/9/2024 re 6 (p.125) MOTION for Preliminary Injunction filed by Texas Top Cop Shop, Inc., Russell Straayer, Mustardseed Livestock, LLC, Libertarian Party of Mississippi, National Federation Of Independent Business, Inc., Data Comm For Business, Inc. Court took matter under advisement. Hearing adjourned at 10:19 a.m. Counsel for Plaintiff: Caleb Bruckenberg and Christian Clase. Counsel for Defendant: Faith Lowry. (Court Reporter Chris Bickham.) (kkc) (Entered: 10/09/2024) |
| 10/24/2024 | 26 (p.317) | CONSENT MOTION Leave to File Notice of Supplemental Authority by Financial Crimes Enforcement Network, Andrea Gacki, Merrick Garland, US Department of the Treasury, Janet L. Yellen. (Attachments: # 1 (p.10) Proposed Order)(Lowry, Faith) (Entered: 10/24/2024) |
| 10/24/2024 | 27 (p.321) | NOTICE of Supplemental Authority by Financial Crimes Enforcement Network, Andrea Gacki, Merrick Garland, US Department of the Treasury, Janet L. Yellen (Attachments: # 1 (p.10) Exhibit A)(Lowry, Faith) (Entered: 10/24/2024) |
| 10/29/2024 | 28 (p.343) | ORDER granting 26 (p.317) Motion for Leave to File Notice of Supplemental Authority. Signed by District Judge Amos L. Mazzant, III on 10/29/2024. (baf) (Entered: 10/29/2024) |
| 12/02/2024 | 29 (p.344) | UNOPPOSED MOTION for Leave to File Amicus Brief in Support of Plaintiffs by State of Texas, The. (Attachments: # 1 (p.10) Exhibit Amicus Brief, # 2 (p.50) Proposed Order)(Cella, Christina) (Entered: 12/02/2024) |
| 12/03/2024 | 30 (p.365) | MEMORANDUM OPINION AND ORDER. It is therefore ORDERED that Plaintiffs' Motion for Preliminary Injunction (Dkt. 6 (p.125) ) is hereby GRANTED. Signed by District Judge Amos L. Mazzant, III on 12/3/2024. (baf) (Entered: 12/03/2024) |
| 12/05/2024 | 31 (p.444) | ORDER granting 29 (p.344) Motion for Leave to File Brief as Amicus Curiae in Support of Plaintiffs. Signed by District Judge Amos L. Mazzant, III on 12/5/2024. (baf) (Entered: 12/05/2024) |
| 12/05/2024 | 32 (p.445) | NOTICE OF APPEAL as to 30 (p.365) Memorandum & Opinion, Order by Janet L. Yellen, Merrick Garland, US Department of the Treasury, Andrea Gacki, Financial Crimes Enforcement Network. (Lowry, Faith) (Entered: 12/05/2024) |
| 12/05/2024 | 33 (p.447) | AMENDED MEMORANDUM OPINION AND ORDER granting 6 (p.125) MOTION for Preliminary Injunction filed by Texas Top Cop Shop, Inc., Russell Straayer, Mustardseed Livestock, LLC, Libertarian Party of Mississippi, National Federation Of Independent Business, Inc., Data Comm For Business, Inc.. Signed by District Judge Amos L. Mazzant, III on 12/5/2024. (baf) (Entered: 12/05/2024) |
| 12/06/2024 | 34 (p.527) | AMENDED NOTICE OF APPEAL as to 32 (p.445) Notice of Appeal by Janet L. Yellen, Merrick Garland, US Department of the Treasury, Andrea Gacki, Financial Crimes Enforcement Network (Lowry, Faith) (Entered: 12/06/2024) |

| Date | Doc | Description |
|---|---|---|
| 12/11/2024 | 35 (p.529) | MOTION to Stay *Preliminary Injunction Pending Appeal* by Janet L. Yellen, Merrick Garland, US Department of the Treasury, Andrea Gacki, Financial Crimes Enforcement Network. (Attachments: # 1 (p.10) Ex. A - Decl. of Andrea Gacki, # 2 (p.50) Proposed Order)(Robinson, Stuart) (Entered: 12/11/2024) |
| 12/12/2024 | 36 (p.551) | ORDER. The Court ORDERS that Plaintiffs respond to Defendants' Motion to Stay Preliminary Injunction Pending Appeal (Dkt. # 35 (p.529) ) by Monday, December 16, 2024, at 12:00 p.m. CST. Only then may the Court take up Defendants Motion (Dkt. #35). Signed by District Judge Amos L. Mazzant, III on 12/12/2024. (jmb) (Entered: 12/12/2024) |
| 12/12/2024 | | RESET Deadlines as to 35 (p.529) MOTION to Stay *Preliminary Injunction Pending Appeal*. Response due by 12:00 PM CST on 12/16/2024. (jmb) (Entered: 12/12/2024) |
| 12/12/2024 | | Notice of Docketing Notice of Appeal from USCA re 32 (p.445) Notice of Appeal filed by Merrick Garland, Andrea Gacki, US Department of the Treasury, Financial Crimes Enforcement Network, Janet L. Yellen. USCA Case Number [24-40792]. (jmb) (Entered: 12/12/2024) |
| 12/16/2024 | 37 (p.554) | RESPONSE in Opposition re 35 (p.529) MOTION to Stay *Preliminary Injunction Pending Appeal filed by Data Comm For Business, Inc., Texas Top Cop Shop, Inc., Russell Straayer, Mustardseed Livestock, LLC, Libertarian Party of Mississippi, National Federation Of Independent Business, Inc..* (Attachments: # 1 (p.10) Affidavit/Declaration)(Clase, Christian) (Entered: 12/16/2024) |
| 12/17/2024 | 38 (p.561) | REPLY to Response re 35 (p.529) MOTION to Stay *Preliminary Injunction Pending Appeal filed by Janet L. Yellen, Merrick Garland, US Department of the Treasury, Andrea Gacki, Financial Crimes Enforcement Network.* (Attachments: # 1 (p.10) Exhibit A, Motion Hearing Transcript)(Lowry, Faith) (Entered: 12/17/2024) |
| 12/17/2024 | 39 (p.583) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 10/9/2024 before Judge Amos Mazzant. Court Reporter/Transcriber: Christina Bickham,Telephone number: 903-209-4013, chris_bickham@txed.uscourts.gov. <br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov** <br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 1/7/2025. Release of Transcript Restriction set for 3/17/2025. (Bickham, Chris) (Entered: 12/17/2024) |
| 12/17/2024 | 40 (p.574) | MEMORANDUM OPINION AND ORDER. It is therefore ORDERED that Defendants Motion to Stay Preliminary Injunction Pending Appeal (Dkt. 35 (p.529) ) is hereby DENIED. (Motion(s) 35 (p.529) terminated). Signed by District Judge Amos L. Mazzant, III on 12/17/2024. (baf) (Entered: 12/17/2024) |
| 12/18/2024 | | **USCA Case Number 24-40792:** <br><br>NOTICE of Docketing Notice of Appeal from USCA re 32 (p.445) Notice of Appeal filed by Merrick Garland, Andrea Gacki, US Department of the Treasury, Financial |

| | | Crimes Enforcement Network, Janet L. Yellen. (baf) (Entered: 12/18/2024) |

**TAB 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TEXAS TOP COP SHOP, INC., *et al.*,<br><br>　　　*Plaintiffs*,<br><br>　v.<br><br>MERRICK GARLAND, ATTORNEY GENERAL OF THE UNITED STATES, *et al.*,<br><br>　　　*Defendants.* | No. 4:24-cv-478-ALM |

## <u>NOTICE OF APPEAL</u>

PLEASE TAKE NOTICE that all defendants hereby appeal to the United States Court of Appeals for the Fifth Circuit from this Court's opinion and order dated December 3, 2024, ECF No. 30, granting plaintiffs' motion for a preliminary injunction, ECF No. 6.

Dated: December 5, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

/s/ *Faith E. Lowry*
FAITH E. LOWRY
Trial Attorney
STUART J. ROBINSON
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530

24-40792.445

Tel: (202) 305-2532
Fax: (202) 616-8470
E-mail: faith.e.lowry@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2024, I electronically filed the foregoing document with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Faith E. Lowry*
*Faith E. Lowry*
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch

2

**TAB 3**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|  |  |
|---|---|
| TEXAS TOP COP SHOP, INC., *et al.*, <br><br>     *Plaintiffs*, <br><br>   v. <br><br> MERRICK GARLAND, ATTORNEY GENERAL OF THE UNITED STATES, *et al.*, <br><br>     *Defendants*. | No. 4:24-cv-478-ALM |

**AMENDED NOTICE OF APPEAL**

PLEASE TAKE NOTICE that all defendants hereby appeal to the United States Court of Appeals for the Fifth Circuit from this Court's amended opinion and order dated December 5, 2024, ECF No. 33, granting plaintiffs' motion for a preliminary injunction, ECF No. 6.

Dated: December 6, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

/s/ *Faith E. Lowry*
FAITH E. LOWRY
Trial Attorney
STUART J. ROBINSON
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530

Tel: (202) 305-2532
Fax: (202) 616-8470
E-mail: faith.e.lowry@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2024, I electronically filed the foregoing document with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Faith E. Lowry*
*Faith E. Lowry*
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch

2

24-40792.528



**TAB 4**

# United States District Court

## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TEXAS TOP COP SHOP, INC., ET AL., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. 4:24-CV-478 |
| | § | Judge Mazzant |
| MERRICK GARLAND, ATTORNEY | § | |
| GENERAL OF THE UNITED STATES, | § | |
| ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## <u>ORDER</u>

Pending before the Court is Defendants' Motion to Stay Preliminary Injunction Pending Appeal (Dkt. #35). Through it, Defendants move the Court to stay its Order preliminarily enjoining enforcement of the Corporate Transparency Act and its Implementing Regulations (Dkt. #33) pending a decision from the Fifth Circuit on Defendants' appeal (Dkt. #34). In their Motion to Stay, Defendants ask the Court for expedited relief, claiming that they will "seek relief from the Fifth Circuit on Thursday, December 12 [(today)] or Friday, December 13, if this Court has not granted relief by then . . . ." (Dkt. #35 at p. 1). But Plaintiffs have yet to have an opportunity to respond to Defendants' Motion. The Court cannot, and will not, rule on Defendants' Motion before Plaintiffs have filed a response. Both basic justiciability doctrines and fairness demand that.

According to the Court's filing system, Defendants filed the instant Motion on December 11, 2024, at 8:05 p.m. CST. The Court construes Defendants' Motion as one seeking emergency relief under the Court's Local Rules as it purports to require a ruling "to avoid imminent, irreparable harm such that a motion pursuant to Local Rule CV-7(e) to shorten the period for a

response is inadequate." Local Rule CV-7(l). The Court's Local Rules mandate that counsel filing an emergency motion comply with four requirements:

1. the caption of the motion must begin with the word "emergency";

2. the motion must be electronically filed using the CM/ECF drop down menu option entitled "emergency";

3. the motion must clearly state the alleged imminent, irreparable harm and the circumstances making proceeding under Local Rule CV-7(e) inadequate; and

4. the chambers of the presiding judge must be notified, either by telephone, e-mail, or fax, that an emergency motion has been filed.

Local Rule CV-7(l). Defendants did not title their Motion to Stay as an "emergency." Defendants did not file the Motion using the CM/ECF drop down menu option entitled "emergency." Defendants did not notify the Court by telephone, e-mail, or fax that they had filed an emergency motion. Further, under the Court's Local Rules, "documents filed electronically after 5:00 p.m. Central Time shall be deemed served on the following day." Local Rule CV-5(a)(3)(C). Therefore, Defendants' Motion effectively demands that the Court rule on their Motion the same day it was filed without regard to any response Plaintiffs might offer. The Court declines to oblige Defendants' request.

Because Defendants did not alert the Court that they had filed an emergency motion, the Court became aware of the Defendants' Motion on the morning of December 12. While the Court is certainly sensitive to the time constraints this case dictates and is aware of the Fifth Circuit's briefing schedule, it must afford Plaintiffs an opportunity to respond. Accordingly, the Court **ORDERS** that Plaintiffs respond to Defendants' Motion to Stay Preliminary Injunction Pending Appeal (Dkt. #35) by **Monday, December 16, 2024, at 12:00 p.m. CST**. Only then may the Court take up Defendants' Motion (Dkt. #35).

**IT IS SO ORDERED.**

**SIGNED this 12th day of December, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

**TAB 5**

# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| TEXAS TOP COP SHOP, INC., ET AL., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. 4:24-CV-478 |
| | § | Judge Mazzant |
| MERRICK GARLAND, ATTORNEY | § | |
| GENERAL OF THE UNITED STATES, | § | |
| ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Stay Preliminary Injunction Pending Appeal (Dkt. #35). Having considered the Motion, the pleadings, and the applicable law, the Court concludes that the Motion should be **DENIED.**

## BACKGROUND

On May 28, 2024, Plaintiffs filed suit against Defendants, various representatives of the Federal Government and Government entities (collectively, "the Government"), seeking a declaratory judgment that the Corporate Transparency Act ("CTA") and its implementing regulations (the "Reporting Rule") are unconstitutional and an injunction against their enforcement (Dkt. #1). On June 3, 2024, Plaintiffs sought a preliminary injunction against the CTA and Reporting Rule (Dkt. #6). The Government filed a Response (Dkt. #18), Plaintiffs replied (Dkt. #19), and on October 9, 2024, the Court held a hearing on the matter. On December 3, 2024, the Court entered an Order enjoining enforcement of the CTA and Reporting Rule nationwide (Dkt. #30). The Government appealed (Dkt. #32). The Court amended its Order to correct a

minor error that did not impact the Court's analysis or holding (Dkt. #33). The Government filed

an Amended Notice of Appeal (Dkt. #34).

At 8:05 p.m. CST on December 11, 2024, the Government filed the instant Motion to Stay

Preliminary Injunction Pending Appeal (Dkt. #35). In the Motion, the Government asserted that

if the Court did not grant a stay of its Order enjoining the CTA and Reporting Rule by December

12 or 13, 2024, the Government would move for a stay of the Order in the Fifth Circuit Court of

Appeals (Dkt. #35 at p. 1). Because Plaintiffs had not yet had an opportunity to file a response, the

Court Ordered Plaintiffs to respond to the Government's Motion by December 16, 2024, at 12:00

p.m. CST (Dkt. #36). On December 13, 2024, the Government filed a Motion to stay the Court's

Order enjoining enforcement of the CTA and Reporting Rule in the Fifth Circuit Court of Appeals.

Defendants-Appellants' Emergency Motion for Stay Pending Appeal, *Texas Top Cop Shop v.*

*Garland*, No. 24-40792 (5th Cir. Dec. 13, 2024), ECF No. 21. On December 16, 2024, at 8:08 a.m.

CST, Plaintiffs timely filed their Response in Opposition to the Government's Motion to Stay

Preliminary Injunction (Dkt. #37). On December 17, 2024, the Government filed its Reply (Dkt.

#38). The Court now takes up the Government's Motion (Dkt. #35).

## LEGAL STANDARD

"A stay pending appeal is extraordinary relief for which [the movant] bear[s] a heavy

burden." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 372 (5th Cir. 2023) (internal

quotations omitted). "A stay is an intrusion into the ordinary processes of administration and

judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise

result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotations omitted). A

stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the

circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34 (internal quotations omitted). Where "there is even a fair possibility that the stay . . . will work damage to someone else[,]" the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. at 248, 255 (1936); *see Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (internal quotations omitted) ("'A stay is not a matter of right, even if irreparable injury might otherwise result.' It is instead an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'").

In determining whether to grant a stay, district courts must consider four factors (known in the Fifth Circuit as the "*Nken* factors"): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Plaquemines Par.*, 84 F.4th at 373 (quoting *Nken*, 556 U.S. at 434). The Supreme Court and Fifth Circuit alike have made clear that "'[t]he first two factors . . . are the most critical.'" *Id.* (quoting *Nken*, 556 U.S. at 434). In articulating this standard, the Fifth Circuit has stated that it is "important[]" to recall that:

> on motions for stay pending appeal the movant need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities ***weighs heavily*** in favor of granting the stay.

*Id.* (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A 1981)). With these principles in mind, the Court addresses each factor in turn.

3

## ANALYSIS

### I. Likelihood of Success on the Merits

As the Court has acknowledged, this case involves a novel constitutional question of first impression in the Fifth Circuit (Dkt. #33 at p. 3). Though Plaintiffs brought an array of challenges against the CTA and Reporting Rule, to date, the Court has only addressed Plaintiffs' argument that the CTA exceeds Congress's enumerated powers (Dkt. #33 at p. 79). As discussed in detail by the Court's Order enjoining the CTA and Reporting Rule (Dkt. #33), both are likely unconstitutional; Plaintiffs have thus carried their burden to show a substantial likelihood of success on the merits. The Government has not.

The Government urges that the Court reconsider its conclusion on the merits but reiterates arguments that the Court has already rejected. For example, in the context of the Commerce Clause, the Government has still not articulated what *activity* the CTA regulates (*See* Dkt. #35 at p. 6). Similarly, in the context of the Necessary and Proper clause, the Government has yet to offer a viable argument that the CTA derives from one of Congress's enumerated powers and is a proper exercise of that power, as it must (*See* Dkt. #35). *See United States v. Comstock*, 560 U.S. 126, 147 (2010). Broadly, the Government has not offered any tenable explanation for how the CTA and Reporting Rule align with our dual system of government. The Government also argues that the Court did not apply the proper standard for a facial challenge (Dkt. #35 at p. 6). But at this juncture, there appears "no set of circumstances" under our written Constitution in which Congress would have the power to enact the CTA. *See United States v. Salerno*, 481 U.S. 739, 745 (1987).

The Government further argues that the Court erred in "not giv[ing] sufficient weight" to Congress's findings (Dkt. #35 at p. 7). But the Government does not cite any authority for the notion that Congress's findings alone may authorize it to legislate however it so wishes. In fact,

4

countless cases discussing Congress's constitutional limits provide the exact opposite. *See, e.g.*, *United States v. Morrison*, 529 U.S. 598, 614 (2000) ("[T]he existence of congressional findings is not sufficient, by itself, to sustain the constitutionality of Commerce Clause legislation.") (quoting *United States v. Lopez*, 514 U.S. 549, 557 n.2 ("Simply because Congress may conclude that a particular activity substantially affects interstate commerce does not make it so.")). The Court gave Congress its due deference but acted as it must to fulfill its judicial responsibility.

Further, while the Government contends that the Court erred simply because it disagreed with the reasoning in *Firestone v. Yellen*, No. 3:24-cv-1034-SI, 2024 WL 4250192 (D. Or. Sept. 20, 2024) and *Cmty. Ass'ns Inst. v. Yellen*, No. 1:24-cv-1597, 2024 WL 4571412 (E.D. Va. Oct. 24, 2024), the Government overlooks the reasoning in *Nat'l Small Bus. United v. Yellen*, 721 F. Supp. 3d 1260 (N.D. Ala. 2024) ("*NSBU v. Yellen*"). The Court believes that the reasoning in *NSBU v. Yellen* is persuasive and correct. This disagreement among the district courts is not enough to suggest that this Court erred.

The Government finally submits that the Court erred in enjoining the CTA and Reporting Rule nationwide (Dkt. #35 at pp. 7–8). Once more, the Court stands behind its Order (Dkt. #33). The Government is right to point out the concerns with nationwide injunctions (*See* Dkt. #35 at p. 7). The Court acknowledges those concerns. The Court enjoined enforcement of the CTA and Reporting Rule nationwide because it appears appropriate under the law and the facts of this case.[1] The Government's Reply argues that "Defendants did not concede that [nationwide] relief was

---

[1] Ironically, the Declaration the Government filed in support of its Motion shows why anything short of nationwide relief would be impracticable. Though, of course, the scope of an injunction does not turn on practicalities alone. *See Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). The Declaration of Andrea Gacki states that "[r]eporting companies must clearly understand and have certainty about their compliance obligations for a reporting regime to be effective" (Dkt. #35-1 at p. 9). After all, the AMLA sought "to establish *uniform* beneficial ownership information reporting requirements." Pub. L. No. 116-283, div. F. 134 Stat. 4547, § 6002(5) (2021) (emphasis added).

24-40792.578

necessary or appropriate" (Dkt. #38 at p. 1). The Court agrees, which is why the Court did not categorize the Government's statement that enjoining enforcement of the CTA and Reporting Rule only against Plaintiffs, including NFIB's members, was "'effectively' a form of nationwide relief" as a concession (Dkt. #38 at p. 1–2; Dkt. #33 at p. 75). This does not change the practical effect of Plaintiffs' request, nor does it persuade the Court that the scope of the injunction is inappropriate under the facts and circumstances of this case.

As the Court has decided, the merits favored Plaintiffs when the Court issued its injunction. Today is no different. The Government has not "made a strong showing that [it] is likely to succeed on the merits." *See Plaquemines Par.*, 84 F.4th at 373. Accordingly, the first *Nken* factor weighs against issuance of a stay.

## II.    The Equities

Turning to the remaining factors (the "equities"), the Court determines that a stay is not warranted. As the Court has concluded and as precedent indicates, the public interest lies in protecting the public from laws that are likely unconstitutional, and Plaintiffs will face irreparable harm if the Court were to grant a stay (which would effectively nullify its prior Order) (*See* Dkt. #33). Thus, the third and fourth *Nken* factors weigh against issuance of a stay.

Accordingly, the Court turns to the Second *Nken* factor—the risk of the Government suffering irreparable harm (the only remaining factor). *Plaquemines Par.*, 84 F.4th at 373. The Government contends that the burdens that it has undertaken to achieve compliance with the CTA constitute irreparable injury if the Court does not permit the CTA and Reporting Rule to become effective once again by issuing a stay. The Government advances two broad arguments under this factor. First, the Government argues that an injunction against laws "enacted by representatives of [the] people" constitutes irreparable harm (Dkt. #35 at p. 3) (internal quotation omitted).

6

Indeed, as the Fifth Circuit has stated, "[w]hen a statute is enjoined, the [Government] necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws." *Book People, Inc. v. Wong*, 91 F.4th 318, 341 (5th Cir. 2024).

Second, the Government argues that "the injunction would significantly disrupt FinCEN's implementation of the CTA, and FinCEN would not be able to fully remediate that disruption even if the injunction were lifted at the conclusion of the appeal" (Dkt. #35 at p. 3). In support of this point, the Government notes that FinCEN has engaged in nationwide media outreach in an attempt to achieve compliance with the CTA and it has expended $4.3 million dollars to date in furtherance of those efforts (Dkt. #35 at p. 4). The Government also argues that the injunction would "prevent the United States from fulfilling international standards for countering money laundering and terrorist financing" (Dkt. #35 at p. 5). That is a familiar argument that the Court addressed in its Order (*See* Dkt. #33 at pp. 56–65).

But for the first time in the life of this case, the Government has offered more than a threadbare claim that the CTA helps the United States comply with international standards. The Declaration of Andrea Gacki, the Director of FinCEN, which the Government attached as an exhibit to its Motion to Stay states:

> The United States is currently preparing for its upcoming Financial Action Task Force ("FATF") mutual evaluation, with its written technical submission currently due mid-2025. The United States is a founding member of FATF, which is the leading international, inter-governmental task force whose purpose is the development and promotion of international standards and the effective implementation of legal, regulatory, and operational measures to combat money laundering, terrorist financing, the financing of proliferation, and other related threats to the integrity of the international financial system. Among other things, FATF has established standards on transparency and BOI [(Beneficial Ownership Information)] of legal persons, intended to deter and prevent the misuse of corporate vehicles.

24-40792.580

(Dkt. #35-1 at pp. 9–10). The Declaration also states that FATF rated the United States "non-compliant" with FATF's "requirements" (Dkt. #35-1 at p. 10). According to Andrea Gacki's Declaration, the injunction "risks causing the United States to receive negative ratings on related portions of an upcoming FATF evaluation" (Dkt. #35-1 at p. 10). A lower rating, according to the Declaration, could result in the United States being "added to the FATF grey list, a public list of countries with significant failings in their AML/CFT [(anti-money laundering and countering the financing of terrorism)] regimes" (Dkt. #35-1 at p. 10). That, the Declaration argues, "would undermine the United States' ability to push other countries to make reforms to their AML/CFT regimes . . ." (Dkt. #35-1 at p. 10). Finally, the Declaration notes that, for "nearly a decade," FATF has identified the lack of BOI reporting as the "most fundamental gap" in the United States's AML/CFT regime (Dkt. #35-1 at p. 10). Though Plaintiffs did not stipulate to the factual contentions in the Declaration, their Response does not dispute those statements.

The efforts that FinCEN has made to increase compliance with the CTA since the Reporting Rule have gone into effect appear to be significant by their terms and, of course, in service of a laudable end. FinCEN has been collecting BOI reports since January 1, 2024 (Dkt. #35-1 at p. 5). And while Plaintiffs have not provided the Court with any reason to suggest that the Government could completely remediate any harm as a result of the injunction, the law is clear that "it is always in the public interest to prevent a violation of a party's constitutional rights." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014) (quoting *Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012)), *overruled on other grounds by Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022). Moreover, irreparable injury is not dispositive in deciding whether to grant a stay. *Ind. State Police Pension Tr.*, 556 U.S at 961. Accordingly, any interest the

8

Government has in preserving its efforts in furtherance of the CTA are superseded by the CTA's grave constitutional flaws. Thus, on balance, the factors do not favor issuance of a stay.

Notwithstanding this four-factor analysis, the Court is mindful of the Fifth Circuit's statement in *Ruiz v. Estelle* that, at this stage, the movant "need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities ***weighs heavily*** in favor of granting the stay." *Plaquemines Par.*, 84 F.4th at 373 (quoting *Ruiz*, 650 F.2d at 565). This case, no doubt, presents a serious legal question. Given the Court's prior reasoning (Dkt. #33), it does not appear that the Government has a "substantial case on the merits," at least as to Plaintiffs' enumerated powers challenge. But even assuming *arguendo* that the Government does have a substantial case on the merits, the equities here do not "weigh heavily" in favor of granting a stay. *See id.* Accordingly, the Court will not stay its Order enjoining enforcement of the CTA and Reporting Rule (Dkt. #33).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Stay Preliminary Injunction Pending Appeal (Dkt. #35) is hereby **DENIED.**

**IT IS SO ORDERED.**

 **SIGNED this 17th day of December, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE