No. 24-40792

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFITH CIRCUIT

TEXAS TOP COP SHOP, INCORPORATED; RUSSELL STRAAYER; MUSTARDSEED LIVESTOCK, L.L.C.; LIBERTARIAN PARTY OF MISSISSIPPI; NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INCORPORATED; DATA COMM FOR BUSINESS, INCORPORATED,
*Plaintiffs-Appellees*,

*v.*

PAMELA BONDI, U.S. ATTORNEY GENERAL; TREASURY DEPARTMENT; DIRECTOR FinCEN ANDREA GACKI, DIRECTOR OF THE FINANCIAL CRIMES ENFORCEMENT NETWORK; FINANCIAL CRIMES ENFORCEMENT NETWORK; SCOTT BESSENT, SECRETARY, U.S. DEPARTMENT OF TREASURY,
*Defendants-Appellants*.

On Appeal from the U.S. District Court for the Eastern Dist. of Texas

**BRIEF OF TEXAS PUBLIC POLICY FOUNDATION AS *AMICUS CURIAE*
IN SUPPORT OF APPELLEES**

ROBERT HENNEKE
CHANCE WELDON
CHRISTIAN TOWNSEND
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:(512) 472-2700
cweldon@texaspolicy.com

*Counsel for Amicus Curiae*

CERTIFICATE OF INTERESTED PERSONS

No. 24-40792

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFITH CIRCUIT**

TEXAS TOP COP SHOP, INC., ET AL.,
    *Plaintiffs-Appellees*,

*v.*

MERRICK GARLAND, Attorney General of the United States, et al.,
    *Defendants-Appellants*.

Pursuant to Fifth Circuit Rule 29.2 *amicus curiae* state that, in addition to the interested persons identified in the parties' briefs, no person other than *amicus curiae* Texas Public Policy Foundation have an interest in this *amicus* brief.

          */s/ Chance Weldon*
          CHANCE WELDON

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................................... ii

INDEX OF AUTHORITIES ............................................................................... iv

INTEREST OF AMICUS .................................................................................... 1

ARGUMENT .................................................................................................... 1

CONCLUSION .................................................................................................. 3

CERTIFICATE OF SERVICE ............................................................................... 5

CERTIFICATE OF COMPLIANCE ....................................................................... 5

# INDEX OF AUTHORITIES

***Cases:***                                                                                                      ***Page(s):***

*GDF Realty Invs., Ltd. v. Norton,*
    326 F.3d 622 (5th Cir. 2003) ........................................................ 3

*Gonzales v. Raich,*
    545 U.S. 1, 125 S. Ct. 2195, 162 L. Ed. 2d 1 (2005) ......................... 2

*Smith v. United States Dep't of the Treasury,*
    No. 6:24-cv-336-JDK, 2025 U.S. Dist. LEXIS 2321
    (E.D. Tex. Jan. 7, 2025) ...................................................... 1, 2, 3

*Terkel v. Ctrs. For Disease Prevention & Control,*
    521 F. Supp. 3d 662 (E.D. Tex. 2021), *appeal dismissed*
    *as moot without vacating judgment,*
    15 F.4th 683 (5th Cir. 2021) ......................................................... 2

*United States v. Morrison,*
    529 U.S. 598 (2000) ..................................................................... 2

*United States v. Rife,*
    33 F.4th 838 (6th Cir. 2022) ......................................................... 3

## INTEREST OF AMICUS[1]

The Texas Public Policy Foundation (the Foundation) is a nonprofit, nonpartisan research foundation dedicated to promoting and defending liberty, personal responsibility, and free enterprise throughout Texas and the nation. For decades, the Foundation has worked to advance these goals through research, policy advocacy, and impact litigation.

As relevant here, the Foundation currently represents the plaintiffs in *Smith v. United States Dep't of the Treasury*, No. 6:24-cv-336-JDK, 2025 U.S. Dist. LEXIS 2321 (E.D. Tex. Jan. 7, 2025)—a separate challenge to the Corporate Transparency Act (CTA) that could impact this case and is separately pending in this Court. (Case No: 25-40071). It is with this background and experience that the Foundation files this brief in support of Appellees. All parties consent to the filing of this brief.

## ARGUMENT

The Foundation agrees that the CTA is unconstitutional. However, the Foundation files this brief to notify this Court of a separate case that raises important arguments and theories about the constitutionality of the CTA not presented here. This Court should consider these arguments and the lower court's opinion in that case before issuing sweeping rulings about the validity of the CTA.

---

[1] Counsel affirms that no counsel for a party authored this brief in whole or in part, and no person other than *amicus* and their counsel made a monetary contribution to its preparation or submission.

On January 7th, Judge Kernodle of the Eastern District of Texas issued a nationwide stay of the effective date of the CTA under 5 U.S.C. § 705. *Smith*, 2025 U.S. Dist. LEXIS 2321, at *38-39. As that court made clear, its decision was based on different facts and arguments than those presented in this case. *Id.* at *3.

*First*, unlike the parties and lower court in this case, *Smith* rightly places the "substantial effects test" from cases like *United States v. Morrison*, 529 U.S. 598 (2000), under the Necessary and Proper Clause, rather than the Commerce Clause alone. *Smith*, 2025 U.S. Dist. LEXIS 2321, at *13 (citing *Terkel v. Ctrs. for Disease Prevention & Control*, 521 F. Supp. 3d 662, 670 (E.D. Tex. 2021), appeal dismissed as moot without vacating judgment, 15 F.4th 683, 685 (5th Cir. 2021)); *Gonzales v. Raich*, 545 U.S. 1, 34, 125 S. Ct. 2195, 162 L. Ed. 2d 1 (2005) (Scalia, J., concurring).

This distinction matters. Not only is placing the substantial effects test under the Necessary and Proper Clause more consistent with the text and original public meaning of the Constitution, it justifies a more cautious, federalism sensitive form of review than applying the Commerce Clause directly. See *Raich*, 545 U.S. at 39 (Scalia, J., concurring).

*Second*, unlike the parties and the lower court here, the *Smith* court rightly applied this court's precedents on the first *Morrison* consideration—*i.e.*, whether the law regulates economic activity. *Smith*,

2

2025 U.S. Dist. LEXIS 2321, at *19-20.  In *GDF Realty Invs., Ltd. v. Norton*, 326 F.3d 622, 634-36 (5th Cir. 2003) this Court made clear that a court must look only to the regulated activity itself—not the regulation's purpose or effect—to determine whether it regulates economic activity.  *GDF Realty* was not argued in this case below.

<u>Third</u>, unlike the lower court here, the *Smith* court rightly recognized that the Supreme Court has never separately interpreted the Foreign Commerce Clause, and therefore, that the original public meaning of that provision—rather the modern "substantial effects test"—applies in this case.  *Smith*, 2025 U.S. Dist. LEXIS 2321, at *29 (citing *United States v. Rife*, 33 F.4th 838, 843-44 (6th Cir. 2022)).  The original public meaning of the Foreign Commerce Clause is narrower than the capacious reading of that provision possible under the "substantial effects test."  See *Id*.

<u>Finally</u>, the lower court here conflated injunctive relief (an equitable remedy that should be limited to the parties) with a stay under 5 U.S.C. § 705 (a statutory remedy that acts on the rule itself).  The lower court in *Smith* did not make that error.  *Smith*, 2025 U.S. Dist. LEXIS 2321, at *38–*39.

## CONCLUSION

Given these differences, and the current posture of the challenges to the Corporate Transparency Act, this Court would benefit from

3

considering the important issues raised in Judge Kernodle's opinion in *Smith* while deciding this case.

Respectfully submitted,

*/s/Chance Weldon*
ROBERT HENNEKE
TX Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
TX Bar No. 24076767
cweldon@texaspolicy.com
CHRISTIAN TOWNSEND
TX Bar No. 24127538
ctownsend@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:(512) 472-2700
Facsimile: (512) 472-2728

*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2025, I electronically filed the foregoing with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

<u>*/s/ Chance Weldon*</u>
CHANCE WELDON

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 704 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the type-face requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced type-face using Microsoft Word in Century Schoolbook font size 14.

<u>*/s/ Chance Weldon*</u>
CHANCE WELDON