

**U.S. Department of Justice**

Civil Division

*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*Tel: (202) 514-2498*

March 17, 2025

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk
Office of the Clerk
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re:   *Texas Top Cop Shop Inc. v. Bondi*, No. 24-40792 (oral argument scheduled for April 1, 2025)
           Supplemental Letter Brief for the United States

Dear Mr. Cayce,

    The government respectfully submits this supplemental letter brief in response to the Court's order directing the parties to address the effect of recent regulatory developments on this appeal. The Department of the Treasury (Treasury) has announced that it does not intend to enforce the Corporate Transparency Act's reporting requirements against domestic companies and that it will engage in rulemaking to narrow those requirements to foreign companies. That announcement supports the government's arguments on the merits and on the equities. As to the equities, these regulatory developments deprive plaintiffs—who have not suggested that they own or represent any foreign reporting companies—of any basis for asserting irreparable harm. As to the merits, changes in how the Executive Branch plans to implement the CTA do not directly affect this Court's analysis of plaintiffs' facial constitutional challenge, which turns on whether the statutory reporting requirements fall within Congress's broad powers under the Commerce Clause and Necessary and Proper Clause. Instead, the changes underscore that many of the CTA's applications—including its application to foreign companies registered

1

to do business in the United States—plainly fall within Congress's enumerated powers, a fact that is fatal to plaintiffs' facial challenge. The preliminary injunction should be vacated.

**1.** As our reply brief observed (at 13-15), Treasury has recently announced a change in its approach to implementing the CTA. On February 21, 2025, Treasury announced that in keeping with its commitment to reducing regulatory burdens on businesses, it would be assessing its options to modify the CTA's reporting deadlines, while prioritizing reporting for those entities that pose the most significant national security risks. *See* FinCEN, *Alert: Ongoing Litigation – Texas Top Cop Shop, Inc. et al. v. Bondi, et al., No. 4:24-cv-00478 (E.D. Tex. – Beneficial Ownership Information Reporting Requirements Now in Effect, with Deadline Extensions [updated Feb. 21, 2025]*, https://fincen.gov/boi. Shortly thereafter, the Department further announced that no fines or penalties would be issued, and no enforcement action would be taken, based on any failure to file or update beneficial ownership information reports until a forthcoming interim final rule (IFR) extending the relevant due dates for filing reports has been issued and the new due dates have passed. *See* FinCEN, *FinCEN Not Issuing Fines or Penalties in Connection with Beneficial Ownership Information Reporting Deadlines* (Feb. 27, 2025), https://perma.cc/632R-ZH9Q [Feb. 27, 2025, Notice]. The Department later elaborated that "not only will it not enforce any penalties or fines associated with the beneficial ownership information reporting rule under the existing regulatory deadlines, but it will further not enforce any penalties or fines against U.S. citizens or domestic reporting companies or their beneficial owners after the forthcoming rule changes take effect either," and that it also intends to conduct rulemaking to "narrow the scope of the rule to foreign reporting companies only." Treasury, *Treasury Department Announces Suspension of Enforcement of Corporate Transparency Act Against U.S. Citizens and Domestic Reporting Companies* (Mar. 2, 2025), https://perma.cc/LYL5-YJEB [Mar. 2, 2025, Notice].

**2.** These developments eliminate any basis for a preliminary injunction. The individual plaintiffs are or own domestic companies. ROA.14. And the organizational plaintiff, the National Federation of Independent Business (NFIB), represents "business owners located throughout the United States," and has not identified any foreign reporting company members. ROA.14. It therefore appears that plaintiffs are, own, and represent domestic companies that fall within the recently announced policy—and thus cannot establish irreparable harm. To the extent that plaintiffs may assert that NFIB's unidentified members include foreign reporting companies, that would only underscore the unfairness inherent in plaintiffs' request for relief on behalf of members that were not disclosed in the complaint or at any prior stage of this litigation. *See* Opening Br. 46-48 (explaining the equitable and historical problems with such relief).

In addition to undermining any basis for a preliminary injunction, the regulatory developments also highlight that such relief would inflict substantial harms on the government. "Any time a [government] is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Valentine v. Collier*, 956 F.3d 797, 803 (5th Cir. 2020) (per curiam) (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012)). That is especially apparent here, where Treasury is engaged in ongoing efforts to determine how best to implement the CTA, and intends to focus on foreign entities that could engage in illicit transactions from abroad. Allowing the district court's injunction to go into effect would frustrate those efforts.

Although the regulatory changes confirm that plaintiffs are not entitled to a preliminary injunction, they do not render this case moot at this time. As Treasury has explained, it "intends to issue an interim final rule," "solicit public comment," and ultimately issue a final rule. Feb. 27, 2025, Notice; *see* Mar. 2, 2025, Notice. If that process results in a final rule excluding domestic companies from the reporting requirements, any requests for relief by those companies would likely be moot, but at this point the rulemaking is still ongoing. In any event, the district court's relief extends beyond plaintiffs and to foreign companies, and thus would continue to have effect even if a narrowing of the reporting rule were made permanent.

**3.** The regulatory developments also support the government's merits arguments. Plaintiffs claim that the CTA is facially unconstitutional on the theory that it exceeds Congress's enumerated powers. In evaluating that claim, this Court will analyze whether the statutory reporting requirements fall within Congress's "broad" powers under the Commerce Clause and the Necessary and Proper Clause. *National Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 549 (2012) (opinion of Roberts, C.J.). The Executive Branch's determinations about how best to implement the statute do not directly affect that analysis.

Instead, Treasury's particular focus on foreign reporting companies illustrates that plaintiffs' facial constitutional claim fails. To prevail on that claim, plaintiffs would need to show that "no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). But there are many circumstances in which the CTA applies to entities that are plainly subject to the commerce power. *See* Opening Br. 27 (noting that plaintiffs themselves are engaged in commercial activity). Under the regulatory changes, for example, the CTA's reporting requirements would continue to apply to foreign reporting companies. Mar. 2, 2025, Notice. By the statute's terms, those entities must be "formed under the law of a foreign country and registered to do business in the United States." 31 U.S.C. § 5336(a)(11)(A)(ii). There can be no serious dispute that Congress has the power to regulate foreign entities that have taken the affirmative step of registering to do business in the United States.

  For similar reasons, the regulatory changes also bolster the government's invocation of the Necessary and Proper Clause. Congress found that the reporting requirements would effectuate a variety of powers vested in the federal government, including the powers to regulate foreign commerce and foreign affairs. *See* Opening Br. 31-35. Plaintiffs' primary response (Response Br. 36-39) is to portray the CTA as "a domestic statute" and to downplay its connection to foreign commerce and foreign affairs. That argument is untenable in light of the regulatory announcements, which underscore the statute's regulation of foreign entities.

* * *

  For the reasons given above and in the government's other filings, the preliminary injunction should be vacated.

Respectfully submitted,

YAAKOV M. ROTH
 *Acting Assistant Attorney General*

ERIC D. MCARTHUR
 *Deputy Assistant Attorney General*

ABE MCGLOTHIN, JR.
 *Acting United States Attorney*

DANIEL TENNY

*s/ Steven H. Hazel*
STEVEN H. HAZEL
MAXWELL A. BALDI
SOPHIA SHAMS
 *Attorneys, Appellate Staff*
 *Civil Division, Room 7217*
 *U.S. Department of Justice*
 *950 Pennsylvania Avenue NW*
 *Washington, DC 20530*
 *(202) 514-2498*
 *Steven.H.Hazel@usdoj.gov*

**CERTIFICATE OF COMPLIANCE**

This letter brief complies with the page limit established by this Court's March 12, 2025, order because it does not exceed five pages, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally-spaced typeface.

*/s/ Steven H. Hazel*
Steven H. Hazel

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2025, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

*/s/ Steven H. Hazel*
Steven H. Hazel
