# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 24, 2026

Thomas B. Plunkett, III
Clerk

---

No. 24-40792

---

Texas Top Cop Shop, Incorporated; Russell Straayer; Mustardseed Livestock, L.L.C.; Libertarian Party of Mississippi; National Federation of Independent Business, Incorporated; Data Comm for Business, Incorporated,

*Plaintiffs—Appellees*,

*versus*

Todd Wallace Blanche, *U.S. Attorney General*; Treasury Department; Director FinCEN Andrea Gacki, *Director of the Financial Crimes Enforcement Network*; Financial Crimes Enforcement Network; Scott Bessent, *Secretary, U.S. Department of Treasury*,

*Defendants—Appellants*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:24-CV-478

---

UNPUBLISHED ORDER

Before Higginbotham, Willett, and Ho, *Circuit Judges*.

Per Curiam:

This appeal arises from a challenge to the Corporate Transparency Act. While the appeal was pending, the Financial Crimes Enforcement Network (FinCEN) issued a final rule exempting domestic entities from the Act's reporting requirements. That final rule is now the subject of a separate lawsuit.

The Corporate Transparency Act requires a qualifying "reporting company" to disclose its "beneficial ownership information" to FinCEN. 31 U.S.C. § 5336(b)(1). The Act defines a "reporting company" as an entity either "created by the filing of a document with a secretary of state or a similar office under the law of a State or Indian Tribe," or "formed under the law of a foreign country and registered to do business in the United States." *Id.* § 5336(a)(11). The Act also authorizes the Government to exempt from that definition "any entity or class of entities" for which "requiring beneficial ownership information . . . would not serve the public interest" and "would not be highly useful in national security, intelligence, and law enforcement agency efforts to detect, prevent, or prosecute . . . crimes." *Id.* § 5336(a)(11)(B)(xxiv).

On May 28, 2024, Plaintiffs sued, challenging the Act's constitutionality and FinCEN's implementing rule under the Administrative Procedure Act. Plaintiffs include several domestic entities; a Texas resident who is a "beneficial owner of multiple reporting companies"; and a trade organization representing "300,000 independent business owners located throughout the United States." Plaintiffs quickly sought a preliminary injunction "prohibiting [the Government] from enforcing the Corporate Transparency Act . . . and its implementing regulations." The

district court granted the injunction.[1] The order was not limited to the parties: it barred enforcement of the Act and FinCEN's initial implementing rule altogether.

The Government appealed. While that appeal was pending, FinCEN issued an Interim Final Rule exempting "all domestic reporting companies[] and their beneficial owners" from the Act's reporting requirements. *See* Beneficial Ownership Information Reporting Requirement Revision and Deadline Extension, 90 Fed. Reg. 13,688, 13,690 (proposed Mar. 26, 2025). We held the appeal in abeyance pending FinCEN's final rule. We explained that the final rule might "permanently withdraw the challenged portions" of the initial implementing regulation and likely "moot[] the case."

FinCEN issued its Final Rule on August 14, 2026. Beneficial Ownership Information Reporting Requirement Revision, 91 Fed. Reg. 52,508 (Aug. 14, 2026) (to be codified at 31 C.F.R. pt. 1010). The Final Rule exempts "domestic reporting companies from any [beneficial ownership information] reporting requirements"; "foreign reporting companies . . . from having to report the [beneficial ownership information] of any U.S. person who is a beneficial owner or company applicant of the foreign reporting company"; and "U.S. persons from having to provide such information to a reporting company for which the U.S. person is a beneficial owner or company applicant." *Id.* at 52,511. The Final Rule also eliminates the requirement that U.S. persons "update or correct information that the U.S. person provided in order to obtain a FinCEN ID." *Id.*

---

[1] The Supreme Court stayed the preliminary injunction pending disposition of this appeal and any timely filed petition for certiorari. *McHenry v. Texas Top Cop Shop, Inc.*, 145 S. Ct. 1, 1 (2025).

The District of Columbia and 20 states have sued to vacate the Final Rule. *See Oregon v. Bessent*, No. 6:26-cv-02359 (D. Or. Oct. 27, 2026). Plaintiffs maintain that their claims remain live, citing in part the states' challenge. While the Government initially argued that the Final Rule mooted Plaintiffs' claims,[2] it now asks us to abate this appeal until the states' challenge is resolved. Whether to hold the appeal in abeyance rests within our "exercise of judgment." *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The Government raises weighty questions about whether the Final Rule has mooted this appeal. And the states' challenge may affect the answer. We therefore ORDER that the appeal be HELD IN ABEYANCE pending resolution of that litigation. The Government shall file a status report every 90 days and a final update within five days after that litigation concludes.

---

[2] Our court recently remanded a similar appeal in *Smith v. United States Department of the Treasury*, Case No. 25-40071 (5th Cir. Oct. 29, 2026). Unlike here, no party in *Smith* identified the states' challenge to the Final Rule or sought abeyance pending its resolution.